IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DEVERICK SCOTT
ADC #131042                                                                            PLAINTIFF

v.                      No. 4:20-cv-92-DPM-PSH

DEXTER PAYNE, Director, ADC, *et al.*                              DEFENDANT

### ORDER

**1.** On *de novo* review, the Court partly adopts and partly declines the partial recommendation, *Doc. 9*, and partly sustains Scott's objections, *Doc. 10*.

**2.** In his objections, Scott abandons any retaliation claim against Captain Plummer. *Doc. 10 at 1*. The Court therefore declines as moot the recommendation about that claim.

The Court declines the recommendation on Scott's retaliation claim against Corporal Vineyard. The complaint is thin on alleging retaliatory motive; but construing it liberally and considering the alleged timeline, it's sufficient to pass screening.

Finally, although the Court agrees that Scott's conditions of confinement claim fails, this conclusion is not based on the lack of injury. *Doc. 9 at 9*. As Scott notes, one can seek nominal damages without a showing of actual injury. *E.g., Royal v. Kautzky,*

375 F.3d 720, 723 (8th Cir. 2004). The other reasons given by the Magistrate Judge are correct.

3. The Court adopts the remainder of the recommendation. Scott's conditions of confinement, corrective inaction, and failure to protect claims fail. Scott gives more particulars about the dashing and flooding incidents in his objections. *Doc. 10 at 2*. But if he wants to allege new or additional facts, he must get permission to amend his complaint; he can't flesh out his claims in his objections.

\* \* \*

Partial recommendation, *Doc. 9*, partly adopted and partly declined. Scott's retaliation claim against Vineyard goes forward. All other claims and Defendants are dismissed without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

31 July 2020